UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ANDY TIMMONS, INC. d/b/a LOST DRAW VINEYARDS, ALEGRIA DE LA VIDA VINEYARDS, LLC, ALTA LOMA VINEYARD PARTNERSHIP, BENJAMIN FRIESEN, BINGHAM FAMILY VINEYARDS, LLC, ROWDY BOLEN and TAMEISHA BOLEN, BUENO SUERTE VINEYARDS, LLC, CASTAÑO PRADO VINEYARD, LLC, MIKE WEST d/b/a CHALLIS VINEYARDS, CHASE LANE and KENDRA LANE d/b/a CHASE LANE VINEYARD, GARY STEVEN BROWN and PAMELA JOYCE BROWN d/b/a COOPER VINEYARD, RUSSELL SMOTHERMON and SHARLANN SMOTHERMON d/b/a CORKSCREW VINEYARD, CORNELIOUS CORPORATION, COX FAMILY WINEGROWERS, LLC d/b/a COX FAMILY VINEYARDS, LT INVESTMENT GROUP, LLC d/b/a CRAZY CLUSTER VINEYARD, MARY MCKEE d/b/a CURVO FILA VINEYARD, DANIELS FARMLAND TRUST, TY WILMETH d/b/a DIAMANTE DOBLE DOS VINEYARDS, JETER and GAY WILMETH d/b/a DIAMANTE DOBLE VINEYARD, LARRY SMITH and SUE SMITH d/b/a DOG GONE VINEYARD, DONNA BURGESS ENTERPRISES, LLC d/b/a MY COVENANT, DWAYNE CANADA, BRENDA CANADA, and DANIEL CANADA d/b/a CANADA FAMILY VINEYARD, SAWYER FARM PARTNERSHIP d/b/a THE FAMILY VINEYARD, LONNIE GRAHAM and PENNY GRAHAM d/b/a FIVE STAR VINEYARD, DUSTIN GILLIAM and GLENDA GILLIAM d/b/a GILLIAM GAP VINEYARDS, GILLMORE BROTHERS, LP d/b/a GILLMORE BROTHERS VINEYARD, ANDIS APPLEWHITE d/b/a HALF CIRCLE CROSS VINEYARD, LA PRADERA VINEYARDS, LLC, LAHEY FARMS, LLC, LILLI OF THE VINE VINEYARDS, INC., AA MARTIN PARTNERS, LTD., PEGGY SEELEY and GEORGE SEELEY d/b/a MOONLIGHT VINEYARDS, NARRA VINEYARDS, LLC, HILLTOP WINERY AT PAKA VINEYARDS, LLC, PEGGY BINGHAM d/b/a PEGGY BINGHAM FARMS, TONY PHILLIPS and MADONNA | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. |

1

| | |
|---|---|
| PHILLIPS d/b/a PHILLIPS VINEYARD, REDDY VINEYARDS, INC., ROWLAND TAYLOR VINEYARDS, LLC, CLARA ANN MCPHERSON d/b/a SAGMOR VINEYARDS, CHARLES and CHERYL SEIFERT d/b/a SEIFERT STABLES & VINEYARDS, SIX HARTS VINEYARD, LLC, THE TOM AND JANICE HENSLEE LIVING TRUST, DOUG THOMAS and ANISSA THOMAS d/b/a THOMAS ACRES, TONY and BERTHA HENDRICKS d/b/a HENDRICKS FAMILY VINEYARD, CAROLYN KEANE, ANNA WINNELL YOUNG and MARJORIE JONES PARTNERSHIP d/b/a TCUKER FARMS, TWIN-T VINEYARDS, INC., JOE RIDDLE d/b/a UVA MORADO VINEYARD, RONALD LUKER and MARGARET LUKER d/b/a WHITE ROCK VINEYARDS, WILLIAMS RANCH VINEYARD, LLC, LARRY YOUNG d/b/a YOUNG FAMILY VINEYARDS, CAPROCK DISTRIBUTORS, LLC, STEVE NEWSOM, CINDY NEWSOM and GABE HISEL, NEWSOM FAMILY FARMS, LLC, LEDLIE POWELL, INDIVIDUALLY AND AS TRUSTEE OF THE LEDLIE S. AND DANETTE POWELL REVOCABLE TRUST d/b/a NEWSOM POWELL VINEYARD, DON HILL d/b/a DON HILL FARMS, TEXAS CUSTOM WINE WORKS, LLC, TEXAS WINERY OWNERS GROUP, LLC, KIM MCPHERSON d/b/a MCPHERSON CELLARS, INC., LYNCE CHARLES CARROLL, TEXAS WINE COMPANY, INC., and AKG REALTY, INC.,<br>    *Plaintiffs*,<br>v.<br>BAYER CROP SCIENCE, LP, MONSANTO COMPANY, and BASF CORPORATION,<br>    *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant BASF Corporation ("BASF"), hereby removes the state court action captioned *Andy Timmons, Inc. d/b/a Lost Draw Vineyards, et al. v. Bayer Crop Science, LP, et al.*, Case # B0207748, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

2

**I.      BACKGROUND**

1. Plaintiffs' Original Petition inappropriately aggregates the separate and individual claims of 57 vineyards that grow grapes in the High Plains and four processors that process those grapes. Ex. A: Original Petition (June 4, 2021) at p. 5 ("Original Petition"). As set forth in more detail below, only one of the named Plaintiffs is non-diverse. Plaintiffs' improper joinder of one diverse Plaintiff to the separate and individual claims of the other 60 named Plaintiffs does not defeat federal jurisdiction for the 60 Plaintiffs that are diverse.

**A.      Nature of the Case**

2. Plaintiffs claim that Monsanto Company's ("Monsanto") XtendFlex® dicamba-resistant cotton seed product ("Xtend seeds") and Monsanto and Bayer Crop Science, LP's ("Bayer") XtendiMax® with VaporGrip® Technology dicamba herbicide ("XtendiMax"), along with BASF's Engenia® dicamba herbicide ("Engenia"), form a "dicamba-based seed system." Original Petition at p. 3 ("Original Petition"). They further claim that dicamba herbicides applied to dicamba-resistant cotton moved off-target and damaged their vineyards. *Id.* ¶¶ 135-38.

3. Plaintiffs have asserted claims for (a) strict liability – design defect; (b) negligent design; and (c) punitive damages. *Id.* ¶¶ 147-69.

**B.      An MDL Involving the Same Products and Claims Exists**

4. Federal lawsuits alleging crop loss caused by the application of Monsanto and Bayer's XtendiMax and BASF's Engenia over the top of crops grown from Monsanto's dicamba-resistant Xtend seeds have been transferred for coordinated multidistrict litigation ("MDL") proceedings to Judge Steven Limbaugh, Jr. in the Eastern District of Missouri, Southeastern Division (the "MDL Court"). *See* Ex. B: *In re Dicamba Herbicides Litig.*, MDL No. 2820, JPML Transfer Order (Feb. 1, 2018).

5. Thus, as required by JPML Rule 7.1, BASF will promptly file a Notice of Potential Tag-along Action with the Clerk for the JPML, identifying this action for transfer to the MDL Court.

### C. REMOVAL

6. As set forth in more detail below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 as an action between citizens of different states in which the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332(a). BASF has satisfied the procedural requirements for removal set forth in 28 U.S.C. § 1446.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

### A. The Notice of Removal Is Timely Filed

7. Plaintiffs filed this action in the District Court of Jefferson County, Texas on June 4, 2021 (the "State Court Action"). *Id.* BASF was served on June 10, 2021, Monsanto was served on June 16, 2021, and Bayer was served on June 16, 2021. Ex. C: Service Papers.

8. This Notice of Removal is timely filed within 30 days of the date Plaintiffs served the State Court Action on BASF.

### B. All Defendants Consent to Removal

9. All Defendants have consented to removal.[1]

### C. All Other Procedural Requirements for Removal Are Satisfied

10. In addition to the Original Petition and Service Papers, the only other papers served or filed in the State Court Action are a Civil Case Information Sheet, a Request for Process, and a letter to the court regarding the payment of an additional filing fee because of the number of plaintiffs. Ex. D: Other State Court File Materials.

---

[1] Monsanto and Bayer informed BASF in writing that they consent to this removal and that they will separately file a consent and joinder to this Notice of Removal in accordance with the same.

11. The District Court of Jefferson County, Texas is located within the Eastern District of Texas, Beaumont Division, *see* 28 U.S.C. § 124(c)(2), and venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Eastern District of Texas, Beaumont Division, is the "district and division embracing the place where such action is pending."

12. A copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy is being contemporaneously filed in the State Court Action.

### III. THIS COURT HAS DIVERSITY JURISDICTION

#### A. The Amount in Controversy Requirement Is Satisfied

13. Removal is proper under 28 U.S.C. § 1441, because this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a).

14. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

15. The Original Petition states that "Plaintiffs will seek at least $560 million at trial" and that "each Plaintiff seeks monetary relief over $250,000." Original Petition at p. 5, ¶ 1. Therefore, the amount-in-controversy requirement is satisfied. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (noting that amount in controversy is generally satisfied "if the plaintiff claims a sum greater than the jurisdictional requirement").

#### B. Complete Diversity Exists Between All Properly Joined Parties

16. As explained below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 as an action between citizens of different states. Section 1441 provides that removal based on diversity jurisdiction is proper "if [none] of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28

U.S.C. § 1441(b) (emphasis added). The complete diversity as set forth in this Notice of Removal existed both at the time of the filing of the suit in state court and at the time of removal.

17. Monsanto is and, at all times since the commencement of this action has been, a Delaware corporation, having its principal place of business in Missouri. Thus, for jurisdictional purposes, Monsanto is a citizen of Missouri and Delaware.

18. BASF is and, at all times since the commencement of this action has been, a Delaware corporation, having its principal place of business in New Jersey. Thus, for jurisdictional purposes, BASF is a citizen of New Jersey and Delaware.

19. Bayer CropScience LP is and, at all times since the commencement of this action has been, a Delaware limited partnership whose general partner is Athenix Corporation, and whose limited partners are Bayer CropScience Holding Inc., Monsanto Company, Bayer Seeds B.V., Hornbeck Seed Company, Inc., AgraQuest Inc., and Bayer CropScience LLC. Athenix Corporation is and, at all times since the commencement of action has been, a North Carolina corporation with its principal place of business in North Carolina. Bayer CropScience Holding Inc. is and, at all times since the commencement of action has been, a New York corporation with its principal place of business in North Carolina. As stated above, Monsanto is a citizen of Missouri and Delaware. Bayer Seeds, B.V. is a private company with limited liability incorporated under the laws of the Netherlands.[2] Hornbeck Seed Company, Inc. is an Arkansas corporation with its principal place of business in North Carolina. AgraQuest Inc. is a Delaware corporation with its principal place of business in North Carolina. Bayer CropScience LLC is a Delaware limited liability company whose sole member is Bayer Corporation, an Indiana

---

[2] A Dutch "BV" entity is treated as a corporation for the purposes of diversity. *E.g.*, *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014). Alternatively, even if Bayer Seeds, B.V. is treated as limited liability company for the purposes of diversity jurisdiction, Bayer Seeds, B.V.'s sole member is Bayer World Investments B.V., a Dutch private limited liability company, whose sole member is Bayer Pharma AG, a German Corporation with its principal place of business in Germany.

6

corporation with its principal place of business in New Jersey. Therefore, for jurisdictional purposes, Bayer CropScience LP is a citizen of Delaware, Indiana, North Carolina, New York, New Jersey, Missouri, and the Netherlands.

20. Plaintiff Benjamin Friesen is and, at all times since the commencement of this action has been, a citizen of Texas. Original Petition ¶¶ 5. Therefore, for jurisdictional purposes, Benjamin Friesen is a citizen of Texas. *See Alphonse v. Arch Bay Holdings, L.L.C.*, 618 Fed. Appx. 765, 767-68 (5th Cir. 2015) ("Citizenship is based on domicile, i.e. where an individual resides and intends to remain.").

21. The following Plaintiffs are sole proprietors who are and, at all times since the commencement of this action have been, citizens of Texas: Rowdy Bolen and Tameisha Bolen; Mike West d/b/a Challis Vineyards; Chase Lane and Kendra Lane d/b/a Chase Lane Vineyard; Gary Steven Brown, D.C. and Pamela Joyce Brown, Ph.D. d/b/a Cooper Vineyard; Russell and Sharlann Smothermon d/b/a Corkscrew Vineyards; Mary McKee d/b/a Curvo Fila Vineyard; Ty Wilmeth d/b/a Diamante Doble Dos Vineyards; Jeter and Gay Wilmeth d/b/a Diamante Doble Vineyard; Larry and Sue Smith d/b/a Dog Gone Vineyard; Dwayne Canada, Brenda Canada, and Daniel Canada d/b/a Canada Family Vineyard; Lonnie and Penny Graham d/b/a Five Star Vineyards; Dustin Gilliam and Glenda Gilliam d/b/a Gilliam Gap Vineyards; Andis E. Applewhite d/b/a Half Circle Cross Vineyard; Peggy D. Seeley and George M. Seeley d/b/a Moonlight Vineyards; Peggy Bingham d/b/a Peggy Bingham Farms; Tony Phillips and Madonna Phillips d/b/a Phillips Vineyard; Clara Ann McPherson d/b/a Sagmor Vineyards; Charles and Cheryl Seifert d/b/a Seifert Stables & Vineyards; Doug Thomas and Anissa Thomas d/b/a Thomas Acres; Tony and Bertha Hendricks d/b/a Hendricks Family Vineyard; Joe Riddle d/b/a Uva Morado Vineyard; Ronald and Margaret Luker d/b/a White Rock Vineyards; Larry Young

d/b/a Young Family Vineyards; Steve Newsom, Cindy Newson, and Gabe Hisel; Don Hill d/b/a Don Hill Farms; and Lynce Charles Carroll. Original Petition ¶¶ 7, 10-13, 17, 19-21, 23, 25, 26, 28, 33, 36, 40, 41, 45, 46, 49, 50, 52, 54, 57, 61. Therefore, for jurisdictional purposes, they are citizens of Texas. *See Royal Ins. Co. of Am. v. Quinn–L Cap. Corp.*, 3 F.3d 877, 882 (5th Cir. 1993) ("For purposes of ascertaining whether the federal courts have diversity jurisdiction, an unincorporated association is considered to have the citizenship of its members."); *Hummel v. Townsend*, 883 F.2d 367, 369 (5th Cir. 1989) (noting "the equally well-settled principle that an unincorporated association is deemed a citizen of every state in which its members reside"); *Trafigura AG v. Enter. Prod. Operating LLC*, 995 F. Supp. 2d 641, 646 (S.D. Tex. 2014) ("The citizenship of all unincorporated entities, including master limited partnerships, is determined by the citizenship of each of its underlying members, not by its state of organization and the state in which its principal place of business is located.").

22. The Original Petition alleges that many Plaintiffs are limited partnerships ("LPs") or limited liability corporations ("LLCs"). For many of the Plaintiffs that are LLCs and LPs, Plaintiffs fail completely to allege the identity or citizenship of LLC members in a transparent effort to shield their identity, hoping that will forestall a court recognizing federal jurisdiction over the diverse plaintiffs.

23. Counsel for BASF engaged in pre-litigation discussions with counsel for Plaintiffs regarding Plaintiffs' contention that there is a lack of diversity jurisdiction, and counsel for Plaintiffs indicated that Plaintiff Hilltop Winery at Paka Vineyards, LLC ("Hilltop Winery") is the only Plaintiff that could destroy diversity, because it has members who can claim domicile in a state where BASF has its principal place of business. Likewise, in the Original Petition, the Plaintiffs identify Hilltop Winery as the only Plaintiff who would impact diversity

8

jurisdiction. Original Petition ¶ 70 (alleging that "diversity jurisdiction does not exist" because "Plaintiff Hilltop Winery at Paka Vineyards, LLC and Defendant BASF are both citizens of New Jersey").

24. In addition to reviewing the allegation in the Complaint and pre-litigation discussions with Plaintiffs' counsel, BASF undertook an extensive search of publicly available records and information filed with the Texas Secretary of State, the secretaries of state of several other states, and other agencies.

25. The factual allegations stated in Paragraphs 26-39 regarding Plaintiffs' LP and LLC membership, other than as cited as pled by Plaintiffs in the Original Petition, are on information and belief as informed by the pre-litigation discussions with Plaintiffs' counsel and BASF's investigation of all publicly available information.

26. Plaintiff Gillmore Brothers, LP d/b/a Gillmore Brothers Vineyard is a Texas limited partnership comprised of members all of whom are, and, at all times since the commencement of this action have been, citizens of Texas. Original Petition ¶ 27. The general partners of Gillmore Brothers, LP d/b/a Gillmore Brothers Vineyard are Jon Gillmore, James Gillmore, and Patricia Brown, all of whom are, and, at all times since the commencement of this action have been citizens of Texas. Gillmore Brothers, LP d/b/a Gillmore Brothers Vineyard does not have any limited partners who are citizens of the same states as Defendants. Therefore, for jurisdictional purposes, this Plaintiff is a citizen of Texas.

27. Plaintiff AA Martin Partners, Ltd. is a Texas limited partnership comprised of members who are, and, at all times since the commencement of this action have been, citizens of Texas. Original Petition ¶ 32. The general partner of AA Martin Partners, Ltd. is AA Martin Management, LLC. The members of AA Martin Management, LLC are Anndel Martin and

9

Andrew Martin, who are and, at all times since the commencement of this action have been, citizens of Texas. Therefore, for jurisdictional purposes, this Plaintiff is a citizen of Texas.

28.     Plaintiff Alta Loma Vineyard Partnership is a Texas partnership consisting of partners Ronnie Floyd, Bobbye Joe Floyd, Ronny Burran, and Gale Burran, all of whom are, and, at all times since the commencement of this action have been, citizens of Texas. Original Petition ¶ 4. Therefore, for jurisdictional purposes, this Plaintiff is a citizen of Texas.

29.     Plaintiff Sawyer Farm Partnership d/b/a The Family Vineyard is a Texas partnership consisting of partners Arthur Flache, Elaine Shiver, and Scott Shiver, all of whom are, and, at all times since the commencement of this action have been, citizens of Texas. Original Petition ¶ 24.  Therefore, for jurisdictional purposes, they are citizens of Texas.

30.     The following Plaintiffs are member-managed Texas limited liability companies whose members are, and, at all times since the commencement of this action have been, residents and citizens of Texas:

a. Bueno Suerte Vineyards, LLC, whose members are Bill Day and Martha Day, persons who are domiciled in and citizens of Texas;

b. Cox Family Winegrowers, LLC d/b/a Cox Family Vineyards, whose members are Charles R. Cox III and Jennifer H. Cox, persons who are domiciled in and citizens of Texas;

c. LT Investment Group, LLC d/b/a Crazy Cluster Vineyard, whose members are Daniel Leake and Taylor Tucker, persons who reside in and are citizens of Texas;

d. Donna J. Burgess Enterprises, LLC d/b/a My Covenant, whose member is Donna Burgess, a person who is domiciled in and a citizen of Texas;

    e.    Texas Winery Owners Group, LLC, whose members are Bruce Bundrett and William Blackmon, persons who are domiciled in and citizens of Texas;

    f.    Williams Ranch Vineyard, LLC, whose members are Shawn Williams and Kirk Williams, persons who are domiciled in and citizens of Texas;

    g.    Caprock Distributors, LLC, whose members are Texas citizen Gary Sowder and Ponderosa Services, LLC. Ponderosa Services, LLC is a member-managed Texas limited liability company consisting of members Tommy English and Darin Epley, persons who are domiciled in and citizens of Texas;

    h.    Newsom Family Farms, LLC, whose members are Steve Newsom, Raenee Newsom, and Keegan Newsom, persons who are domiciled in and citizens of Texas;

    i.    Texas Custom Wine Works, LLC, whose members are Michael Sipowicz, Dusty Timmons, Jett Wilmeth, and Steve Talcott, persons who are domiciled in and citizens of Texas.

Original Petition ¶¶ 8, 15, 16, 22, 43, 51, 53, 55, 58. Additionally, based on publicly available resources and extensive discussions with Plaintiffs' counsel, the aforementioned member-managed Texas limited liability companies do not have any members who are citizens of the same states as Defendants. Therefore, for jurisdictional purposes, the aforementioned Plaintiff limited liability companies are citizens of Texas. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of an LLC is determined by the citizenship of all of its members.").

31.    Based on publicly available resources and extensive discussions with Plaintiffs' counsel, the following Plaintiffs are manager-managed Texas limited liability companies whose

11

members were at the time this action was commenced and remain residents and citizens of Texas:

    j.    Alegria de la Vida Vineyards, LLC, whose members are Albert M. Boring and Tammy Boring, persons who are domiciled in and citizens of Texas;

    k.    Bingham Family Vineyards, LLC, which is wholly owned by Texas limited liability company Bingham Family Cellars, LLC. Bingham Family Cellars, LLC consists of members Cliff Bingham and Clint Bingham, persons who are domiciled in and citizens of Texas;

    l.    Castano Prado Vineyard, LLC, whose members are Tere Caswell and Thomas Hess, persons who are domiciled in and citizens of Texas;

    m.    Narra Vineyards, LLC, whose members are Kokteswarama Narra and Nikhila Davis, persons who are domiciled in and citizens of Texas;

    n.    Rowland Taylor Vineyards, LLC, whose member is H. Kerr Taylor, a person who is domiciled in and a citizen of Texas;

    o.    Six Harts Vineyard, LLC, whose member is Kevin Hart, a person is domiciled in and a citizen of Texas.

Original Petition ¶¶ 3, 6, 9, 34, 39, 42. Additionally, the aforementioned Texas limited liability companies do not have any members who are citizens of the same states as Defendants. Therefore, for jurisdictional purposes, the aforementioned Plaintiff limited liability companies are citizens of Texas.

    32.    Plaintiff La Pradera Vineyards, LLC, is a Texas limited liability company whose members are Andy Timmons and Lauren Timmons, persons who are domiciled in and citizens of Texas, and Barbara Paddack, a person who is domiciled in and a citizen of Colorado. Original

Petition ¶ 29. Therefore, for jurisdictional purposes, this Plaintiff is a citizen of both Texas and Colorado.

33. Lahey Farms, LLC, is a sole proprietorship[3] whose owner is Matt Adams, a person who is domiciled in and a citizen of Texas. Original Petition ¶ 30. Therefore, for jurisdictional purposes, it is a citizen of Texas.

34. The following Plaintiffs are Texas corporations with principal places of business in Texas: Andy Timmons, Inc. d/b/a Lost Draw Vineyards; Cornelius Corporation; Lilli of the Vine Vineyards, Inc.; Reddy Vineyards, Inc.; Twin-T Vineyards, Inc.; Texas Wine Company, Inc.; McPherson Cellars, Inc.; and AKG Realty, Inc. Original Petition ¶¶ 2, 14, 31, 38, 48, 59, 60, 62. A corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c); *see also Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir.1988). Therefore, for jurisdictional purposes, the aforementioned corporations are citizens of Texas.

35. Plaintiff Carolyn Keane, Anna Winnell Young, and Marjorie Jones Partnership d/b/a Tucker Farms is a partnership whose partners are domiciled in and citizens of Texas and Florida. Original Petition ¶ 47. Therefore, for jurisdictional purposes, it is a citizen of Texas and Florida.

36. The Tom and Janice Henslee Living Trust is a trust with the trustee domiciled in North Carolina. Original Petition ¶ 44. Therefore, for jurisdictional purposes, it is a citizen of North Carolina. *Wardlaw Transp., LLC v. S. Tire Mart, LLC*, No. 5:20-CV-1014-JKP, 2020 WL 7872518, at *2 (W.D. Tex. Oct. 16, 2020) ("For purposes of diversity jurisdiction, courts

---

[3] Plaintiffs allege Lahey Farms, LLC is a Texas limited liability company. Original Complaint ¶ 30. However, no records or filings have been filed with the Texas Secretary of State for "Lahey Farms, LLC."

determine the citizenship of a trust 'by the citizenship of its trustee.'" (quoting *Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 561 (N.D. Tex. 2009))).

37. Plaintiff Daniels Farmland Trust is a trust with its trustee domiciled in Colorado. Original Petition ¶ 18. Therefore, for jurisdictional purposes, it is a citizen of Colorado. Plaintiffs' allegation says the trust's "owner" is "located in Colorado." BASF could not confirm Plaintiffs' allegation based on publicly available information, but if Plaintiffs' allegation is correct, Plaintiff Daniels Farmland Trust is diverse.

38. Plaintiff Ledlie Powell and Danette Powell, Individually and as Trustees of the Ledlie S. and Danette Powell Revocable Trust d/b/a Newsom Powell Vineyard are domiciled in Oklahoma. Original Petition ¶ 56. Therefore, for jurisdictional purposes, they are citizens of Oklahoma.

39. Plaintiff Hilltop Winery at Paka Vineyards, LLC is a member-managed Texas limited liability company comprised of the following members: Pavan Paka, Chandhana Paka, Kumar Paka, and Renuka Paka. Kumar Paka and Renuka Paka are domiciled in and citizens of New Jersey. Original Petition ¶ 35. Pavan Paka and Chandhana Paka are domiciled in and citizens of New York. Therefore, for jurisdictional purposes, Hilltop Winery is a citizen of New Jersey and New York.

   C. **The Citizenship of Hilltop Winery Should Be Disregarded**

40. Because some members of Hilltop Winery are citizens of New Jersey and BASF has a principal place of business in New Jersey, Hilltop Winery is the only plaintiff that is not diverse.

41. The claims of Hilltop Winery should be severed from this case, and its citizenship should be disregarded when determining this Court's diversity jurisdiction, (a) to preserve

Defendants' right to removal of the individual and separate claims of the 60 diverse plaintiffs; and (b) so that the claims against them may be litigated in the MDL.[4]

42. Federal courts have applied the doctrine of procedural misjoinder, as originally set forth in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072-73 (11th Cir. 2000), and their inherent authority as set forth in Federal Rule of Civil Procedure 21, to sever the claims of a plaintiff when a lawsuit was brought by many plaintiffs and the citizenship of one plaintiff would destroy diversity and prevent the remaining claims from being transferred to an MDL. *Bay Tobacco, LLC v. Bell Quality Tobacco Prod's, LLC,* 261 F. Supp. 2d 483, 490 (E.D. Va. 2003) (finding that diversity-defeating plaintiff was misjoined pursuant to Rules 20 and 21, severing claims of diversity-defeating plaintiff, and denying motion to remand); *Accardo v. Lafayette Ins. Co.*, No. CIV.A. 06-8568, 2007 WL 325368, at *6 (E.D. La. Jan. 30, 2007) (finding that defendants established fraudulent misjoinder, and severing certain claims by select plaintiffs against a non-diverse defendant, because "the presence of the nondiverse defendant, Lafayette, does not serve to defeat federal jurisdiction in any of these actions in which a plaintiff has sued a diverse defendant, and the amount in controversy satisfies the $75,000 jurisdictional requirement"); *In re Rezulin Prod. Liab. Litig.*, 168 F. Supp. 2d 136, 148 (S.D.N.Y. 2001) (finding misjoinder and severing the claims of one of many plaintiffs "for purposes of maintaining the defendants' right to removal of the remainder of the action"); *Graziose v. Am. Home Prod. Corp.*, 202 F.R.D. 638, 641 (D. Nev. 2001) (severing claims of six misjoined plaintiffs under Rule 21); *Smith v. Rotorcraft Leasing Co.*, 2007 WL 1385873 (W.D. La. May 8, 2007) (severing misjoined claims under Rule 21); *Palermo v. Letourneau Techs., Inc.*, 542 F.

---

[4] Following the filing of this Notice of Removal, BASF will (1) file a motion to sever the individual and separated claim of Hilltop Winery; (2) tag this action with the JPML for transfer to the MDL; and (3) move this court to stay consideration of the matter pending a decision of the JPML whether to transfer the matter.

15

Supp. 2d 499, 524 (S.D. Miss. 2008); *Milliet v. Liberty Mut. Ins. Co.*, No. 07-7443, 2008 WL 147821, *2 (E.D. La. Jan 11, 2008); *Lyons v. Am. Tobacco Co.*, No. 96-0881-BH-S, 1997 U.S. Dist. LEXIS 18365, at *14-15 (S.D. Ala. Sept. 30, 1997) (severing claims of non-diverse plaintiffs in order to maintain diversity jurisdiction); *Koch v. PLM Int'l*, No. 97-0177-BH-C, 1997 U.S. Dist. LEXIS 20111 (S.D. Ala. Sept. 24, 1997) (same). At least one federal court has recognized that "the threshold for finding that plaintiffs have been improperly misjoined should be lower than the threshold for finding that defendants have been improperly misjoined." *Tex. Instruments Inc. v. Citigroup Glob. Mkts., Inc.*, 266 F.R.D. 143, 150 (N.D. Tex. 2010) (citing *In re Rezulin Prods. Liab. Litig.*, 168 F.Supp.2d at 147 ("Arguably a plaintiff's right to choose among defendants and claims—the principal reason for imposing a strict standard of fraudulent joinder to effect removal—is not compromised where claims of co-plaintiffs are severed or dismissed.")).

43.     Moreover, individual issues will predominate the Plaintiffs' claims, such as farming practices, yield history, insurance claims, weather, and alleged sources, product identification, and application circumstances of dicamba (and other auxin herbicides) that may have moved off target. For these reasons, the claims of each one of these plaintiffs will need to be tried separately. Any non-individual issues can be handled more efficiently through the MDL, which is why courts have found that the presence of an MDL is a factor to be considered in assessing whether removal is proper in this context. *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008; *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 707 (D. Md. 2015) (finding severance "particularly appropriate . . . because it would allow for the transfer of [plaintiff's] claims against the [manufacturers] to the [MDL] . . .") (internal quotation marks and citation omitted); *Mayfield v. London Women's Care*, No. 15-19-DLB, 2015 WL 3440492, at *4

(noting an "undeniable upside" if the surviving product liability claims were transferred to MDL); *Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 868, 872-73 (N.D. Ohio 2009) (finding that "plaintiffs will benefit from the MDL process" because "they will not bear the burden of having to engage on their own, and at their sole expense, in discovery vis-à-vis [the manufacturer-defendant]").

44. Accordingly, Plaintiff Hilltop Winery's claims should be disregarded because joinder of them is improper, and this Court (and the MDL court after the matter is transferred) should retain jurisdiction over the claims of the remaining 60 diverse Plaintiffs.

## CONCLUSION

45. The State Court Action may be removed to this Court by Defendants in accordance with provisions of 28 U.S.C. § 1441(a) because (a) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of Texas; (b) once the separate and individual claims of the improperly joined plaintiff Hilltop Winery has been severed, this action is between citizens of different states; and (c) the amount in controversy exceeds $75,000, exclusive of interests and costs.

Respectfully Submitted,

*/s/ Alan R. Vickery*
ALAN R. VICKERY
State Bar No.20571650
Alan.Vickery@FaegreDrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2533
(469) 327-0860 (fax)

**ATTORNEYS FOR DEFENDANT BASF CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on July 2, 2021, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

*/s/ Alan R. Vickery*
ALAN R. VICKERY