UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ANDY TIMMONS, INC. d/b/a LOST DRAW VINEYARDS, ALEGRIA DE LA VIDA VINEYARDS, LLC, ALTA LOMA VINEYARD PARTNERSHIP, BENJAMIN FRIESEN, BINGHAM FAMILY VINEYARDS, LLC, ROWDY BOLEN and TAMEISHA BOLEN, BUENO SUERTE VINEYARDS, LLC, CASTAÑO PRADO VINEYARD, LLC, MIKE WEST d/b/a CHALLIS VINEYARDS, CHASE LANE and KENDRA LANE d/b/a CHASE LANE VINEYARD, GARY STEVEN BROWN and PAMELA JOYCE BROWN d/b/a COOPER VINEYARD, RUSSELL SMOTHERMON and SHARLANN SMOTHERMON d/b/a CORKSCREW VINEYARD, CORNELIOUS CORPORATION, COX FAMILY WINEGROWERS, LLC d/b/a COX FAMILY VINEYARDS, LT INVESTMENT GROUP, LLC d/b/a CRAZY CLUSTER VINEYARD, MARY MCKEE d/b/a CURVO FILA VINEYARD, DANIELS FARMLAND TRUST, TY WILMETH d/b/a DIAMANTE DOBLE DOS VINEYARDS, JETER and GAY WILMETH d/b/a DIAMANTE DOBLE VINEYARD, LARRY SMITH and SUE SMITH d/b/a DOG GONE VINEYARD, DONNA BURGESS ENTERPRISES, LLC d/b/a MY COVENANT, DWAYNE CANADA, BRENDA CANADA, and DANIEL CANADA d/b/a CANADA FAMILY VINEYARD, SAWYER FARM PARTNERSHIP d/b/a THE FAMILY VINEYARD, LONNIE GRAHAM and PENNY GRAHAM d/b/a FIVE STAR VINEYARD, DUSTIN GILLIAM and GLENDA GILLIAM d/b/a GILLIAM GAP VINEYARDS, GILLMORE BROTHERS, LP d/b/a GILLMORE BROTHERS VINEYARD, ANDIS APPLEWHITE d/b/a HALF CIRCLE CROSS VINEYARD, LA PRADERA VINEYARDS, LLC, LAHEY FARMS, LLC, LILLI OF THE VINE VINEYARDS, INC., AA MARTIN PARTNERS, LTD., PEGGY SEELEY and GEORGE SEELEY d/b/a MOONLIGHT VINEYARDS, NARRA VINEYARDS, LLC, HILLTOP WINERY AT PAKA VINEYARDS, LLC, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Case No. 1:21-CV-00338 |

| | |
|---|---|
| PEGGY BINGHAM d/b/a PEGGY BINGHAM FARMS, TONY PHILLIPS and MADONNA PHILLIPS d/b/a PHILLIPS VINEYARD, REDDY VINEYARDS, INC., ROWLAND TAYLOR VINEYARDS, LLC, CLARA ANN MCPHERSON d/b/a SAGMOR VINEYARDS, CHARLES and CHERYL SEIFERT d/b/a SEIFERT STABLES & VINEYARDS, SIX HARTS VINEYARD, LLC, THE TOM AND JANICE HENSLEE LIVING TRUST, DOUG THOMAS and ANISSA THOMAS d/b/a THOMAS ACRES, TONY and BERTHA HENDRICKS d/b/a HENDRICKS FAMILY VINEYARD, CAROLYN KEANE, ANNA WINNELL YOUNG and MARJORIE JONES PARTNERSHIP d/b/a TCUKER FARMS, TWIN-T VINEYARDS, INC., JOE RIDDLE d/b/a UVA MORADO VINEYARD, RONALD LUKER and MARGARET LUKER d/b/a WHITE ROCK VINEYARDS, WILLIAMS RANCH VINEYARD, LLC, LARRY YOUNG d/b/a YOUNG FAMILY VINEYARDS, CAPROCK DISTRIBUTORS, LLC, STEVE NEWSOM, CINDY NEWSOM and GABE HISEL, NEWSOM FAMILY FARMS, LLC, LEDLIE POWELL, INDIVIDUALLY AND AS TRUSTEE OF THE LEDLIE S. AND DANETTE POWELL REVOCABLE TRUST d/b/a NEWSOM POWELL VINEYARD, DON HILL d/b/a DON HILL FARMS, TEXAS CUSTOM WINE WORKS, LLC, TEXAS WINERY OWNERS GROUP, LLC, KIM MCPHERSON d/b/a MCPHERSON CELLARS, INC., LYNCE CHARLES CARROLL, TEXAS WINE COMPANY, INC., and AKG REALTY, INC., *Plaintiffs*, | § |
| v. | § |
| BAYER CROP SCIENCE, LP, MONSANTO COMPANY, and BASF CORPORATION, *Defendants.* | § |

**BASF CORPORATION'S MOTION TO SEVER AND SUPPORTING MEMORANDUM**

Defendant BASF Corporation ("BASF") requests that this Court sever the claims of Plaintiff Hilltop Winery at Paka Vineyards, LLC ("Hilltop Winery").

## INTRODUCTION

Plaintiffs' claims in this lawsuit relate to dicamba-resistant seed products and dicamba-based herbicide products produced by Monsanto Company ("Monsanto"), Bayer Crop Science, LP ("Bayer"), and BASF (collectively "Defendants"). These products (among others) are the subject of *In re Dicamba Herbicides Litig.*, MDL No. 2820 ("the dicamba MDL").

In their Original Complaint, Plaintiffs allege that both Hilltop Winery and BASF are citizens of New Jersey for purposes of diversity jurisdiction analysis. (Original Petition ¶ 70). Therefore, Plaintiffs claim that "diversity jurisdiction does not exist." (*Id.*). This Court should sever the claims of Hilltop Winery so that the individual and separate claims of the other 60 diverse plaintiffs can remain in federal court and be transferred to the MDL, where they belong. This Court should do so for two reasons. First, because individual issues predominate all Plaintiffs' claims, the claims of Hilltop Winery were improperly joined under the analysis first set forth in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996). Second, even if Hilltop Winery's claims are not improperly joined (which they are), this Court should exercise its discretion to sever them in the interest of judicial efficiency and fairness pursuant to its authority under Federal Rule of Civil Procedure 21.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This lawsuit involves claims by 57 vineyards processors that grow grapes in the Texas High Plains and four processors that process those grapes. (Original Petition at p. 5). Plaintiffs claim that Monsanto's XtendFlex® dicamba-resistant cotton seed product ("Xtend seeds") and Monsanto and Bayer's XtendiMax® with VaporGrip® Technology dicamba herbicide ("XtendiMax"), along with BASF's Engenia® dicamba herbicide ("Engenia"), together form a

"dicamba-based seed system." (*Id.* at p. 3). They further claim that the dicamba herbicides applied to dicamba-resistant cotton moved off-target and damaged their vineyards. (*Id.* at 4).

Plaintiffs do not provide a definition of the "Texas High Plains," but according to Texas government resources, "[t]he 41-county High Plains region cover about 39,500 square miles in north Texas, stretching from the Oklahoma state line in the east and north and the New Mexico state line in the west to the Lubbock metropolitan area in the south." Office of the Texas Comptroller, *The High Plains Region, 2020 Regional Report, available at* https://comptroller.texas.gov/economy/economic-data/regions/2020/high-plains.php (last visited June 28, 2021). Plaintiffs do not indicate the specific year(s) during which their alleged damage occurred, stating only that it occurred "[o]ver the past few years," or, alternatively, "in recent years." (Original Petition at p. 4, ¶ 134).

Plaintiffs' claims are for (1) strict liability – design defect; (2) negligent design; (3) punitive damages against Monsanto; and (4) punitive damages against BASF. (*Id.*). Plaintiffs filed their Original Petition on June 4, 2021. (*Id.*). Defendants removed the case on July 2, 2021. (Dkt. 1, Notice of Removal). After filing this Motion to Sever, BASF will tag this lawsuit for potential transfer to the dicamba MDL and will file a Motion to Stay the proceedings in this Court.

## ARGUMENT

### I. This Court Should Sever The Claims Of Hilltop Winery Because It Was Improperly Joined

#### A. This Court should apply the *Tapscott* exception to the complete diversity rule.

While 28 U.S.C. §1332 requires complete diversity, federal courts have long recognized a few exceptions. In cases like this, where plaintiffs attempt to impermissibly prevent removal by

improperly joining the claims of a non-diverse plaintiff (usually referred to as procedural misjoinder or fraudulent misjoinder), federal courts recognize one of those exceptions to the complete diversity rule. This exception to complete diversity was first articulated in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000).

Pursuant to *Tapscott* and its progeny, a court may sever the improperly joined claims of a non-diverse plaintiff and retain jurisdiction over the remaining claims. *See, e.g.*, *In re Propecia (Finasteride) Prod. Liab. Litig.*, No. 12-CV-2049 JG VVP, 2013 WL 3729570, at *4 (E.D.N.Y. May 17, 2013) ("In the fraudulent misjoinder situation, . . . a diverse defendant argues that a plaintiff has added claims to the complaint—either claims by other non-diverse plaintiffs or claims against other non-diverse defendants—which, although perhaps valid, are nevertheless not properly joined under the applicable permissive joinder rules."); *In re Fosamax Prods. Liab. Litig.*, No. 11-3025, 2012 WL 1118780, at *3 (D.N.J. Apr. 3, 2012) ("Whereas fraudulent joinder focuses on the substantive deficiencies of a claim against a joined party, fraudulent misjoinder focuses on procedural deficiencies of a party's joinder.").

Neither the Fifth Circuit Court of Appeals nor the Eighth Circuit Court of Appeals (where the MDL is located) have explicitly adopted *Tapscott* severance, but they have indicated a willingness to do so under the right circumstances. *In re Benjamin Moore & Co.*, 318 F.3d 626, 630-31 (5th Cir. 2002); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010). However, many federal courts across the country regard the doctrine with favor, and *Tapscott* severance has been used to sever the claims of improperly joined non-diverse plaintiffs so defendants can maintain their rightful place in federal court. *See, e.g.*, *In re Rezulin Prod. Liab. Litig.*, 168 F. Supp. 2d 136, 148 (S.D.N.Y. 2001) (finding misjoinder and severing the claims of

one of many plaintiffs "for purposes of maintaining the defendants' right to removal of the remainder of the action"); *Lyons v. Am. Tobacco Co.*, No. 96-0881-BH-S, 1997 U.S. Dist. LEXIS 18365, at *14-15 (S.D. Ala. Sept. 30, 1997) (severing claims of non-diverse plaintiffs in order to maintain diversity jurisdiction); *Koch v. PLM Int'l*, No. 97-0177-BH-C, 1997 U.S. Dist. LEXIS 20111 (S.D. Ala. Sept. 24, 1997) (same).

In order to determine whether a non-diverse plaintiff has been improperly joined, courts applying *Tapscott* and its progeny consider (1) whether the party has been improperly joined with another party in violation of the applicable joinder rules; and (2) whether the improper joinder is sufficiently egregious. *Gray ex rel. Rudd v. Beverly Enterprises–Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004). Both of these factors weigh in favor of severing Hilltop Winery's claims from this lawsuit.

**B. Hilltop Winery was joined to this lawsuit in violation of the applicable joinder rules.**

When evaluating whether to rely on *Tapscott* to make an exception to the complete diversity rule, courts first consider whether the non-diverse plaintiff was joined in violation of the applicable joinder rules. When undertaking this analysis, some federal courts look to the state court joinder rules while others look to Rule 20, the federal joinder rule. *See In re Prempro Prods. Liab. Litig.*, 591 F.3d at 622; *Palermo v. Letourneau Techs., Inc.*, 542 F. Supp. 2d 499, 517. The applicable Texas joinder rule (Texas Rule of Civil Procedure 40(a)), and Federal Rule of Civil Procedure 20(a)(1) are worded identically[1] and provide the following:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same

[1] The text of the two rules is identical, although the punctuation is different (but does not affect the application or meaning of the respective rules). For simplicity's sake, BASF quotes Texas Rule of Civil Procedure 40(a)'s somewhat more streamlined punctuation.

> transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.

Texas R. Civ. P. 40(a), Fed. R. Civ. P. 20(a)(1). Under this standard, Hilltop Winery's claims were not properly joined. *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 622 (applying Fed. R. Civ. P. 20(a) joinder standards); *Martinez*, 388 F. Supp. 3d 748, 773 (W.D. Tex. 2019) (applying Texas R. Civ. P. 40(a) standard). Both "federal courts evaluating permissive joinder under Federal Rule of Civil Procedure 20" and "Texas courts apply a 'logical relationship' test to determine whether claims arise out of the same transaction or occurrence or series of transactions or occurrences." *Martinez*, 388 F. Supp. 3d at 773 (quotation omitted). This "logical relationship" test involves a consideration of whether the claims "share an aggregate of operative facts." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 882 (5th Cir. 1998).

First, none of the Plaintiffs' claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" because none of them "share an aggregate of operative facts." Plaintiffs' Original Petition alleges that Plaintiffs were harmed by a "cloud" of dicamba. However, given that the geographic region over which the "cloud" allegedly was present was so large (an area of almost 40,000 square miles, which is approximately the size of the entire state of Kentucky[2]), and the time period of the alleged exposure so indeterminate ("[o]ver the past few years" and "in recent years"), (Original Petition at pp. 4-5, ¶ 134), Plaintiffs cannot (and did not) plead that (1) they were all exposed to the same "cloud," (2) they were exposed to the same "cloud" at the same time; or even that (3) the composition of the "cloud" was always the same (in other words, they claim that Defendants' products were part of the so-called "cloud" but do not claim that each Plaintiff was specifically damaged by both XtendiMax and Engenia). Try as

[2] *See* List of U.S. states and territories by area, *available at* https://en.wikipedia.org/wiki/List_of_U.S._states_and_territories_by_area (last visited June 28, 2020).

they might, Plaintiffs cannot strain the definition of "series of transactions or occurrences" to encompass what they pled without any more specific information about which product(s) injured them and when—for example, the claims of one Plaintiff vineyard allegedly injured by an application of Engenia do not "share an aggregate of operative facts" with the claims of a different Plaintiff vineyard located hundreds of miles away that was allegedly injured by an application of XtendiMax in a different year.

Moreover, given the lack of connection between any individual Plaintiffs, and the potential vast differences in the claims of Plaintiffs, including with respect to items such as farming practices, yield history, insurance claims, weather, and alleged sources, product identification, and application circumstances of dicamba (and other auxin herbicides) that may have moved off target, there are no "common questions of law and fact" issue. Based on the allegations in the Original Petition, Hilltop Winery is not related to or connected with any other Plaintiff; therefore, there are no common questions of law or fact.

**C. Hilltop Winery's Joinder To This Lawsuit Is Egregious**

In addition to being improperly joined, Hilltop Winery's joinder as a Plaintiff in this lawsuit is egregious and fraudulent. Egregious or fraudulent misjoinder occurs "when misjoined parties and claims are 'wholly distinct' with 'no real connection' to each other such that their joinder is 'bordering on a sham.'" *Martinez,* 388 F. Supp. 3d at 774 (quoting *Tapscott*, 77 F.3d at 1360)).

First, Plaintiffs included Hilltop Winery's claims in this lawsuit specifically to defeat diversity jurisdiction—in fact, they pled as much. (Original Petition ¶ 70 ("[D]iversity jurisdiction does not exist because there is not complete diversity of citizenship. In particular, Plaintiff Hilltop Winery . . . and Defendant BASF are both citizens of New Jersey.")). While

Hilltop Winery is technically a citizen of New Jersey because two of its members are domiciled there (according to Plaintiffs), Hilltop Winery's claims have no connection to New Jersey. Hilltop Winery is located in Texas, along with the vast majority of the documents, evidence, and witnesses that support its claims.

Second, Hilltop Winery's claims do not relate to the claims of any of the other Plaintiffs. Plaintiffs claim that Hilltop Winery "shared in the same exposure events as the other Plaintiffs in this suit," (*id.*), but, again, Plaintiffs never articulated when and where these so-called "exposure events" took place, and as stated above, these events could have taken place anywhere within nearly 40,000 square miles and over the course of a "few" years. (Original Petition at pp. 4-5, ¶ 134). If Plaintiffs had connections to each other stronger than being in a geographic area larger than the size of the entire state of Indiana[3] over an undefined period of years, they would have said so in their Original Petition.

Given Plaintiffs' improper joinder (as set forth above), coupled with Plaintiffs' failure to plead any real connection between Hilltop Winery and the other Plaintiffs and Plaintiffs' transparent goal of destroying diversity, this Court should conclude that Hilltop Winery's improper joinder to this lawsuit was egregious and it should sever Hilltop Winery's claims.

## II. In The Interest of Judicial Efficiency And Fairness, This Court Should Sever The Claims Of Hilltop Winery Pursuant To Federal Rule Of Civil Procedure 21

As stated above, this Court should apply *Tapscott* sever the claims of Hilltop Winery, which were improperly joined. Even if the Court does not do so (which it should), it should exercise its clear and broad discretion to sever Hilltop Winery's claims and allow the remaining Plaintiffs' claims to be transferred to the MDL, where they belong.

---

[3] *See* List of U.S. states and territories by area, *available at* https://en.wikipedia.org/wiki/List_of_U.S._states_and_territories_by_area (last visited June 28, 2020).

Courts have broad discretion to drop parties and claims that are not necessary or indispensable. *Tex. Farmers Ins. Co. v. Louisiana-Pac. Corp.*, 321 F.R.D. 561, 563 (E.D. Tex. 2017); *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). Once a court is satisfied that a party is neither necessary nor indispensable, it next considers whether to exercise its discretion to sever a claim pursuant to Rule 21. Federal Rule of Civil Procedure 21 provides the following:

> On motion or on its own, the court may, at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21; *see, e.g.*, *Graziose v. Am. Home Prod. Corp.*, 202 F.R.D. 638, 641 (D. Nev. 2001) (severing misjoined claims of six plaintiffs against multiple defendants under Rule 21); *Smith v. Rotorcraft Leasing Co.*, No. 07-0681, 2007 WL 1385873, at *3-4 (W.D.La. May 8, 2007) (severing misjoined claims under rule 21).

Because Rule 21 involves an exercise of a court's discretion, there is no formal test for when severance of a party or claim of a dispensable, non-diverse plaintiff is appropriate. *See, e.g.*, *Tex. Farmers Ins. Co.*, 321 F.R.D. at 563. However, many courts consider five factors: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common question of law or fact; (3) whether the settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. *In re Rolls Royce Corp.*, 775 F.3d 671, 680 n. 40 (5th Cir. 2014). These factors all weigh in favor of the Court severing the claims of Hilltop Winery.

**A. Hilltop Winery is not a necessary or indispensable party under Rule 19.**

Hilltop Winery is not a necessary or indispensable party to this lawsuit. A party is "necessary" if (1) complete relief cannot be given to existing parties in the party's absence; (2) disposition in the party's absence may impair the party's ability to protect its interest in the controversy; or (3) the party's absence would expose existing parties to substantial risk of double or inconsistent obligations. *See* Fed. R. Civ. P. 19(a). A party is "indispensable" under Rule 19(b) when "in equity and good conscience" the action should not be allowed to proceed without that party. Fed. R. Civ. P. 19(b); *Two Shields v. Wilkinson*, 790 F.3d 791, 798 (8th Cir. 2015). Hilltop Winery is neither necessary nor indispensable.

First, Hilltop Winery is not necessary because complete relief could be given to the other Plaintiffs even if Hilltop Winery's claims were severed. As stated above, from the face of the Original Pleading, Hilltop Winery's claims do not rely on the claims of any other Plaintiff—it would be seeking recovery for itself and itself alone, based on the individual circumstances of its operation. The ability of all other Plaintiffs to recover would not be impacted at all if Hilltop Winery's claims were severed.

Second, Hilltop Winery is not an indispensable party. Again, because none of the Plaintiffs' claims are connected, severing Hilltop Winery's claims would not hinder any Plaintiff's ability to proceed with its own claims.

**B. The Rule 21 Factors All Weigh In Favor Of Severing Hilltop Winery's Claims**

Because Hilltop Winery is neither an indispensable nor a necessary party, this Court may exercise its discretion to sever its claims under Rule 21. All Rule 21 factors weigh in favor of severance.

As discussed above, the first two factors, whether the claims arise out of the same transaction or occurrence and whether the claims present some common question of law or fact, weigh in favor of severance. Given the large geographic area and indeterminate timeframe at issue in Plaintiffs' Original Petition, as well as the myriad individual issues that will predominate each Plaintiff's claims, Plaintiffs cannot contend that their alleged exposures all were part of the same transaction or occurrence.

Next, severing the claims of Hilltop Winery will significantly promote fairness and judicial economy, because it would allow the remaining Plaintiffs' claims to be transferred to the MDL. Courts across the country have severed individual claims in similar situations in order to allow the remaining claims in cases to be transferred to an existing MDL. *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008); *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 707 (D. Md. 2015) (finding severance "particularly appropriate . . . because it would allow for the transfer of [plaintiff's] claims against the [manufacturers] to the [MDL] . . .") (internal quotation marks and citation omitted); *Mayfield v. London Women's Care*, No. 15-19-DLB, 2015 WL 3440492, at *4 (noting an "undeniable upside" if the surviving product liability claims were transferred to MDL); *Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 868, 872-73 (N.D. Ohio 2009) (finding that "plaintiffs will benefit from the MDL process" because "they will not bear the burden of having to engage on their own, and at their sole expense, in discovery vis-à-vis [the manufacturer-defendant]").

The dicamba MDL, which is comprised of 32 federal court cases filed on behalf of 144 named plaintiffs, has already been formed to address claims such as those raised by Plaintiffs—in fact, Plaintiffs' causes of action (strict liability (design defect), negligent design, and punitive damages) are all part of the Master Crop Damage Complaint in the MDL. (*See* Ex. A: *In re*

*Dicamba Herbicides Litig.* Dkt. 137, Amended Crop Damage Complaint at Counts IV, XVI, XXVI, SLIV, LII, LXII, LXIII, LXXXV (claims for strict liability (design defect)); *id.* at Counts VI, XVIII, XXVIII, XLVI, LIV, LXIV, LXXV, LXXXVII (claims for negligent design); *id.* at Demand for Judgment (seeking punitive damages; Plaintiffs also make the statement that "punitive damages are . . . warranted" multiple times through the Amended Crop Damage Complaint)). It would be an extreme waste of time and money for the parties to litigate a lawsuit parallel to the MDL when Plaintiffs' claims are already part of the Master Crop Damage Complaint. It would be much more efficient to allow Plaintiffs and Defendants to rely on the dozens of depositions and millions of pages of documents and other discovery items that have been exchanged over a period of years in the MDL.

Further, it would be a tremendous waste of judicial resources for another court, in this instance a Texas state court, to have to manage a complex, multi-plaintiff case when the claims of 60 of the Plaintiffs could be transferred to an MDL that has already tackled most, if not all, of the likely pre-trial issues. For example, the MDL has established case management and discovery orders addressing many of the disputes that likely would arise between the parties related to the progression of this lawsuit; it would be extremely inefficient to have another court evaluate and rule on disputes similar to or the same as those that have already been resolved in the MDL. Transferring the claims of the 60 diverse Plaintiffs to the MDL will promote efficiency, will streamline discovery, and will conserve the resources of both the judiciary and the parties.

Next, no party will be prejudiced if this Court severs Hilltop Winery's claims. If Hilltop Winery's claims are severed, they will be remanded to the District Court in Jefferson County, Texas, which was Hilltop Winery's chosen jurisdiction, and which would present a significantly

lower strain on the Texas state court judiciary. The remaining Plaintiffs will not be prejudiced, because they will receive the same treatment as all other MDL plaintiffs. Defendants will not be prejudiced, because they will continue to have the ability to litigate all claims raised in this lawsuit, except Hilltop Winery's, in the MDL, and they will not be subject to repeating discovery or motion practice in Texas state court on such a large scale.

Finally, different witnesses and documentary proof will be required for each Plaintiff's claims, including Hilltop Winery. Again, from the face of the Original Petition, there is no connection between any of the Plaintiffs' respective claims—which is not surprising given the indeterminate scope of the Original Petition. Each Plaintiff runs its own distinct vineyard/operation, and each will have to prove, with its own documents and evidence, that it was damaged and the extent of that damage.

## CONCLUSION

BASF respectfully requests that this Court sever the claims of non-diverse Plaintiff Hilltop Winery so the remaining Plaintiffs' claims can remain in federal court and be transferred to the MDL, where they belong.

Dated: July 2, 2021

Respectfully Submitted,

*<u>/s/ Alan R. Vickery</u>*

ALAN R. VICKERY
State Bar No.20571650
Alan.Vickery@FaegreDrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2533
(469) 327-0860 (fax)

**ATTORNEYS FOR DEFENDANT BASF CORPORATION**

**CERTIFICATE OF SERVICE**

I certify that on July 2, 2021, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

/s/ *Alan R. Vickery*

**CERTIFICATE OF CONFERENCE**

Because this Motion to Sever relates to Defendants' removal of this lawsuit, Defendants do not believe that they are required by Local Rule CV-7(h) to meet and confer with Plaintiffs' counsel regarding this Motion. If Local Rule CV-7(h) does apply to this Motion, counsel Defendants state that they had several pre-litigation conferences with counsel for Plaintiffs, and during those conferences counsel for Plaintiffs alerted counsel for Defendants that one of the plaintiffs would be Plaintiff Hilltop Winery at Paka Vineyards, LLC ("Hilltop Winery"), which would, in Plaintiffs' opinion, destroy diversity jurisdiction. Defendants understand that Plaintiffs maintain that position, because they specifically allege that Hilltop Winery destroys diversity in their Original Petition. To ensure that Defendants are in compliance with their obligations under Local Rule CV-7(h) with respect to this Motion (if any), counsel for Plaintiffs and counsel for Defendants met and conferred by telephone again on July 2, 2021, and discussed the substance of this Motion to Sever. During the conference, Plaintiffs' counsel advised that Plaintiffs are opposed to this Motion to Sever, leaving this issue for resolution by the Court.

*/s/ Alan R. Vickery*
ALAN R. VICKERY