**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: DICAMBA HERBICIDES | ) | Main Case 1:18-md-2820-SNLJ |
| LITIGATION | ) | Indiv. Case 1:21-cv-00104-SNLJ |

**PLAINTIFFS' RESPONSE IN OPPOSITION**
**TO MOTION TO SEVER**

I.    **Introduction**

As explained in Plaintiffs' memorandum in support of remand (#14, 1:21-cv-00104), this action belongs in state court because there is no basis for federal jurisdiction. The plaintiff vineyards have exclusively pleaded state-law claims, there is no federal question, and there is not complete diversity.  Defendants are left to rely on the oft-rejected doctrine of fraudulent misjoinder, but they cannot prove simple misjoinder, let alone the type of "egregious" procedural conduct required to keep this case in federal court.

Each plaintiff in this action grows wine grapes in the Texas High Plains and has suffered the same damage caused by the Bayer-Monsanto/BASF dicamba-tolerant seed system from the same source – the region's 2 million acres of dicamba-tolerant cotton. These commonalities are shared by the entire plaintiff group, including the non-diverse plaintiff, Hilltop Winery at Paka Vineyards, LLC (Paka), and go well beyond the requisite "palpable connection."  Because each plaintiff asserts a joint right to relief against the same defendants arising from the same series of occurrences, there can be no fraudulent misjoinder.

This lack of fraudulent misjoinder *alone* requires remand back to Jefferson County, Texas.  Defendants argue that the Court should consider their motion to sever (#2, 1:21-cv-00104) on a parallel track, but jurisdiction must be decided first.  And without a proper basis for removal and jurisdiction (*i.e.,* complete diversity), there is nothing left for this Court to do but remand the case.  Said differently, how the Court decides the fraudulent misjoinder issue will necessarily decide the severance issue – if the Court remands the case, it has no jurisdiction to sever or to take any further action.

Even if the Court were to consider discretionary severance of the Paka claim, Defendants' arguments still fall short. A lack of complete diversity cannot be summarily disregarded – as Defendants suggest – solely as a vehicle to create federal jurisdiction where there is none. No perceived efficiencies from the existence of a federal multidistrict litigation or otherwise can change this reality. Such an approach would also contravene the axiomatic principle that federal courts are courts of limited jurisdiction.

Because Plaintiffs' claims are properly joined, there is no basis for severance and Plaintiffs should be allowed to pursue their claims in their preferred forum. Defendants' motion to sever should be denied as moot and Plaintiffs' motion to remand should be granted.

II. **Defendants cannot restore complete diversity without fraudulent misjoinder, but here there is no misjoinder, let alone fraudulent misjoinder.**

Unless Defendants can establish that the doctrine of fraudulent misjoinder applies, there remains a lack of complete diversity and the case must be remanded.[1] A threshold jurisdictional determination must take place at the outset before other considerations. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). And "all doubts about federal jurisdiction [are to be resolved] in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997); *see also Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)

---

[1] Plaintiffs hereby incorporate by reference all the arguments and evidence submitted with their motion to remand (#13, #14, 1:21-cv-00104). This includes Plaintiffs' extensive discussion of the fraudulent misjoinder doctrine and why it does not apply in this case.

2

(removal jurisdiction is subject to strict construction because it "implicates important federalism concerns"). "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) (cleaned up).

As shown through Plaintiffs' remand filings, Plaintiffs grow the same crop, in the same area, and are suing the same defendants for damage caused by the same defective product. A case featuring such allegations ranges far afield from misjoinder – let alone "egregious" misjoinder as required for the fraudulent misjoinder doctrine to apply.[2] *See In re Prempro*, 591 F.3d 613, 624 (8th Cir. 2010); *Crocker v. Allergan USA, Inc.*, 4:18-cv-1288-DDN, 2018 WL 7635923, at *4 (E.D. Mo. Dec. 7, 2018) (describing the key question in a fraudulent misjoinder analysis as whether any misjoinder "borders on a sham"). As this Court has stressed, "the joinder of parties alleging injury by the same product and arising from the same development, distribution, marketing, and sales practices for that product is not egregious, because common issues of law and fact connect plaintiffs' claim." *Orrick v. SmithKline Beecham*, 4:13-cv-02149-SNLJ, 2014 WL 3956547, at *6 (E.D. Mo. Aug. 13, 2014). The same holds true here.

Because there is no fraudulent misjoinder, there is no diversity jurisdiction and no basis to decide Defendants' motion to sever the Paka claim. As one district court explained,

---

[2] Even where the fraudulent misjoinder doctrine is employed, it remains a "disfavored basis for a district court's exercise of jurisdiction after removal . . . reserved for a very small handful of the most extreme cases." *Garcia v. Tchetgen*, 3:19-cv1476-L, 2019 WL 7879731, at *2 (N.D. Tex. July 22, 2019).

"This court's decision on the fraudulent misjoinder issue will decide the issue of severance; that is, if the court remands the case, it would have no jurisdiction to decide severance." *Madison Materials Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 3:04-cv-14-WS, 2004 WL 7330498, at *2 (S.D. Miss. Sept. 14, 2004).  The same logic should apply here, rendering Defendants' motion to sever moot.

### III. There is no basis for exercising discretionary severance to create federal jurisdiction where there is none.

Generally, a plaintiff is "the master of the claim" and is free to avoid federal jurisdiction by relying exclusively on state law. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). For the same reason, Plaintiffs' election of a state forum in this matter should be preserved.[3] Defendants' request that this Court sever the Paka claim solely as a vehicle to restore complete diversity and create federal jurisdiction is violative of this principle and should be rejected.

As one district court recently explained, "in order to remove a case involving non-diverse parties on the basis of diversity jurisdiction, a defendant needs an *actual removal doctrine*, such as fraudulent joinder or fraudulent misjoinder.'" *City of Holly Springs v. Johnson & Johnson*, 477 F. Supp. 3d 547, 551 (N.D. Miss. 2020) (emphasis added). Where these doctrines are inapplicable, "it defies reason" to suggest that the removal floodgates should be opened "by treating Rule 21 itself [discretionary severance] as a basis for removing a case involving non-diverse parties." *Id*.

---

[3] Under the Federal Rules, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).

4

These same sentiments were echoed by this Court in *Crocker v. Allergan*, where it emphasized that "district courts have criticized the use of Rule 21 to sever non-diverse defendants in order to create federal subject matter jurisdiction." *Crocker*, 2018 WL 7635923, at *6. Another district court in this Circuit refused to sever non-diverse parties through Rule 21 where, as here, "it would be severing parties that were properly joined in order to create subject matter jurisdiction where it would otherwise not exist." *Hagensicker v. Boston Sci. Corp.*, 12-5018-cv-SW-RED, 2012 WL 836804, at *4 (W.D. Mo. March 12, 2012); *see also Hampton v. Insys Therapeutics, Inc.*, 319 F. Supp. 3d 1204, 1213-14 (D. Nev. 2018) (collecting cases and emphasizing that it is impermissible for a court without jurisdiction to create jurisdiction solely through severance); *Brown v. Endo Phar., Inc.*, 38 F. Supp. 3d 1312, 1326-27 (S.D. Ala. 2014) ("Federal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent.").

Just as this Court found in *Crocker*, Defendants have failed to clearly show that the non-diverse plaintiff was a product of fraudulent misjoinder. As a result, "this is precisely the circumstance under which a court should not sever a party using Rule 21 to create diversity jurisdiction." *Crocker*, 2018 WL 7635923, at *7. To hold otherwise would wrongly deprive Plaintiffs of their chosen forum at the risk of ignoring the traditional boundaries of federalism and this Court's limited jurisdiction.

Defendants' claim that this MDL is the superior procedural vehicle to achieve litigation-related efficiencies cannot create federal jurisdiction where there is none.[4] Were Defendants' arguments concerning efficiencies and judicial economy to be determinative in a jurisdictional analysis, the existence of a federal MDL alone could supplant the congressionally imposed boundaries of federal jurisdiction. As the transferee court found in *In re: Xarelto*, an "MDL's efficiency interests cannot supplant both a plaintiff's strategic interests in joining [parties] as well as deference to a plaintiff's choice of forum." *In re: Xarelto*, 2016 WL 4409555, at *7.

Defendants' citations to cases such as *Sutton* or *Sullivan* are also unpersuasive. In *Sutton v. Davol, Inc.*, 251 F.R.D. 500 (E.D. Cal. 2008), the district court found fraudulent joinder and only then considered the efficiencies of an MDL in relation to severance – it did not apply discretionary severance in the absence of a removal doctrine (*e.g.*, fraudulent joinder or fraudulent misjoinder). *Sutton* is also easily distinguishable on its facts. The *Sutton* plaintiffs alleged dissimilar claims, based on different contracts, against different classes of defendants (production manufacturers and healthcare providers). *Id*. at 505-06. This is a far cry from a group of grape growers from the same area that assert the same claims against the same defendants about the same product. Similarly, in *Sullivan v. Calvert Mem'l Hosp.,* 117 F. Supp. 3d 702 (D. Md. 2015), there were distinct defendant

---

[4] Contrary to Defendants' suggestion, (1) Plaintiffs' causes of action are not part of the Master Crop Damage Complaint in the MDL – to date, no Texas causes of action have been included, and (2) as set forth in the MCL 4th (2004) at § 22.4, coordination between federal and state mass tort proceedings is common.

6

groups where no plaintiff alleged claims against both, and the claims were based on different contracts.[5]  *Id*. at 707.

Defendants simply cannot use claimed MDL-related-efficiencies alone as a basis for removal and the exercise of federal jurisdiction.  An exercise of discretionary severance would be inappropriate in this case.

## IV.   Conclusion

For all these reasons, Defendants' motion to sever should be denied as moot and this case should be remanded back to the District Court of Jefferson County, Texas.

---

[5] Unlike in *Sullivan*, where the appropriateness of Rule 21 severance was decided on the basis of Rule 19, district courts in this Circuit determine the appropriateness of Rule 21 severance on the basis of Rule 20 – the permissive joinder standard.  *See, e.g., Shoop v. Forquer*, 2:19-cv-45-SPM, 2019 WL 3777827, at *6 (E.D. Mo. Aug. 12, 2019); *Hagensicker*, 2012 WL 836804, at *4.  As this Court has explained, using Rule 20 as the determinative standard makes the existence of an MDL a "compelling" factor *in favor* of remand.  *See Coleman v. Bayer Corp.*, 4:10-cv-01639-SNLJ, 2010 WL 10806572, at *2 (E.D. Mo. Dec. 9, 2010) (observing that "defendants should be hard-pressed to maintain that the[ ] transactions on their face [were] not 'logically related'" as the common questions of fact were the very basis upon which the defendants had sought MDL transfer).

Dated:  August 31, 2021						Respectfully submitted,

							/s/ *Adam M. Dinnell*
							Andrew S. Hicks
							TX Bar No. 24032419
							Adam M. Dinnell
							TX Bar No. 24055405
							Marc S. Tabolsky
							TX Bar No. 24037576
							Katherine D. Jordan
							TX Bar No. 00786005
							SCHIFFER HICKS JOHNSON PLLC
							700 Louisiana Street, Suite 2650
							Houston, Texas 77002
							Phone: 713-357-5150
							Fax: 713-357-5160
							ahicks@shjlawfirm.com
							adinnell@shjlawfirm.com
							mtabolsky@shjlawfirm.com
							kjordan@shjlawfirm.com

							Ted A. Liggett
							TX Bar No. 00795145
							Dustin R. Burrows
							TX Bar No. 24048375
							LIGGETT LAW GROUP PC
							1001 Main Street, Suite 300
							Lubbock, Texas 79401
							Phone: 806-744-4878
							ted@liggettlawgroup.com
							dustin@liggettlawgroup.com

							Andrew R. Seger
							TX Bar No. 24046815
							KEY TERRELL & SEGER LLP
							4825 50th Street, Suite A
							Lubbock, Texas 79414
							Phone: 806-792-1944
							aseger@thesegerfirm.com

							*Attorneys for Plaintiff*s

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 31, 2021, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

                                       /s/ *Adam M. Dinnell*
                                       Adam M. Dinnell